ORIGINAL
D & F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

INJAH TAFARI,

           Petitioner,

-against-

DAVID B. UNGER, Acting Superintendent,
Wende Correctional Facility,

           Respondent.
------------------------------------------------------------x



**MEMORANDUM AND ORDER**
Case No. 05-CV-5843 (FB)

*Appearances:*
*For the Petitioner:*
INJAH TAFARI, *pro se*
#89A4807
Five Points Correctional Facility
State Road 96, P.O. Box 119
Romulus, NY 14541

*For the Respondent:*
CHARLES J. HYNES, ESQ.
District Attorney
By: AMY APPLEBAUM, ESQ.
Assistant District Attorney
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      *Pro se* petitioner Injah Tafari ("Tafari") is currently incarcerated pursuant to a 1989 conviction in the Supreme Court, Kings County; that conviction was enhanced based on two prior state convictions in 1981 and 1983. On June 26, 2003, Tafari petitioned the Court for a writ of habeas corpus on the 1989 conviction, which the Court denied as untimely. *See Tafari v. Unger*, Case No. 03-CV-3242 (E.D.N.Y) (Judgment of February 4, 2003) (Block, J.). In his current petition, filed December 5, 2005, Tafari challenges the 1981 conviction. For the reasons set forth below, the Court construes the petition as a second habeas petition; accordingly, if it is not withdrawn within 30 days, the petition will be

transferred to the circuit court pursuant to 28 U.S.C. § 2244(b)(3).

The threshold showing a habeas petitioner must make is that he is "in custody pursuant to the judgment of a State court." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) (quoting 28 U.S.C. § 2254(a)). Here, the sentence imposed by the state court under the 1981 judgment expired long before Tafari filed the current habeas petition. Thus, Tafari is no longer in custody pursuant to that judgment and "therefore cannot bring a federal habeas petition directed solely at [the 1981 conviction]." *Lackawanna*, 532 U.S. at 401 (a prisoner is not in such custody if the sentence imposed under the judgment fully expired before the prisoner filed the habeas petition) (citation omitted).

Tafari is, however, in custody pursuant to the 1989 conviction; the Court may therefore construe Tafari's petition as a challenge to his current sentence as enhanced by his prior 1981 conviction. *See Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999) (prisoner considered in custody "when a *pro se* petition, liberally construed, can be read as asserting a challenge to [a current] sentence[ ], as enhanced by [an] allegedly invalid prior conviction) (internal quotations omitted); *see also Lackawanna*, 532 U.S. at 401-02.[1] *See id.* (construing habeas petition as challenging 1990 sentence, as enhanced by 1986 convictions). However, as Tafari previously filed a habeas petition challenging his 1989 conviction, the

---

[1] Although a challenge to a current sentence on the grounds that it was enhanced by an allegedly invalid prior conviction satisfies the "in custody" requirement, habeas relief cannot be granted on that grounds unless "[the] petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment." *Lackawanna*, 532 U.S. at 402-04.

2

petition is a second habeas petition, which the Court has no authority to entertain absent authorization from the circuit court, see 28 U.S.C. § 2244(b)(3); the Court will therefore transfer the petition to the circuit court unless Tafari withdraws it within 30 days.[2] *Compare Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002) (rule 60(b) motion may not be "recharacterized" as a successive petition and transferred "until the prisoner has been informed of the district court's intent to transfer and afforded a sufficient opportunity to avoid the transfer").

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
December 5, 2006

---

[2]The Court gives Tafari the option to withdraw his petition because of the strict requirements for a second habeas petition. A second petition must show, *inter alia*, specific grounds why the claims presented were not raised in the first petition. *See* 28 U.S.C. § 2244(b)(2). Moreover, the petition should contain all grounds available to the petitioner at the time it is filed. *See id.; Gitten*, 311 F.3d at 530 (noting that successive habeas petitions may be summarily denied if the court finds that the petitioner is "abus[ing] the writ"). Since Tafari's current petition was not prepared as a second petition, Tafari may prefer to withdraw the petition and redraft it before it is submitted to the circuit court; Tafari should, in that case, submit the petition directly to the circuit court with a motion to authorize this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A).

3